W. N. BARKER v. E. W. FOSTER, COUNTY JUDGE, ETC.

(No. 5202.)

APPEAL from Wichita County. Opinion by HURT, J.

W. W. FLOOD, counsel for appellant.

No counsel appeared for appellee.

§ 305. *Venue of suit on county convict bond.* Appellee, as county judge, instituted this suit upon a county convict bond executed by appellant. The bond was executed in Wichita county, and made payable to E. W. Foster, county judge of said county, and his sucessors in office. The suit was instituted in Wichita county. Appellant and his sureties upon said bond were not residents of said county at the time of the institution of the suit, but were each of them residents of other counties in the state. They each pleaded in abatement their privilege to be sued in the county in which they resided. These pleas were in due form, and as to the sureties were sustained and the suit as to them was dismissed. But as

to the principal, Barker, his plea in abatement was over-ruled and judgment was rendered against him upon the bond. *Held* error. The trial judge was of the opinion that Wichita county had jurisdiction of the suit under the fifth exception of article 1198, Revised Statutes, which provides that where a person has contracted in writing to perform an obligation in a particular county, suit may be brought in such county, etc. This exception contemplates that the instrument of writing should plainly provide that the obligation is to be performed in a county other than that in which the defendant resides. The privilege of being sued in one's county is the rule; the denial of it is the exception. To entitle a plaintiff to sue in a county other than the residence of the defend-ant, the latter must be embraced within certain named classes, or must have contracted in writing to perform an obligation in a particular county. There was no such contract in this instance.

May 18, 1887.                    Reversed and remanded.